UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY ROLES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:16-cv-02841 WBS DB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action against several individuals and institutions involved in the adjudication of a family law matter in Butte County. (ECF No. 1.) Before the court are plaintiff's complaint (id.) and motion to appoint counsel (ECF No. 5). Plaintiff did not pay the filing fee in this case, nor did he file a motion to proceed in forma pauperis. The court's screening of the complaint below, renders it unnecessary for plaintiff to a file a motion to proceed in forma pauperis or to pay the filing fee. For the reasons set forth below, the court recommends that petitioner's complaint be dismissed with prejudice and orders that the motion to appoint counsel is denied.

**I.    Background**

Plaintiff's complaint names the State of California, Jennifer Beck, Heather Savador, and the County of Butte as defendants. (ECF No. 1.) The individually named defendants are family law attorneys in Butte County; defendant Beck is a "minor's attorney" at Butte County

1

Courthouse and defendant Savador is plaintiff's ex-wife's attorney. (Id. at 2.) Butte County and the State of California are named in place of Judge Steven McNelis who entered an order averse to plaintiff's interest in a child custody dispute. (Id.) Plaintiff's specific claims are unclear; however, it appears that he is challenging the state court's custody order and alleging a conspiracy to imprison him on false harassment charges to prevent him from pursuing an appeal. (Id. at 14-17.) In the "Request for Relief" section of the complaint, plaintiff merely asks this court to "please review[his] case" and to have his son returned to his custody. (Id. at 17.)

**II.    Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

**A.    Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or

"a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

**B.    Discussion**

As described above, plaintiff's complaint seeks to challenge the outcome of a child custody dispute. (ECF No. 1.) While plaintiff's complaint raises numerous issues with the process received in Butte County and challenges the actions of the judge and attorneys involved in the case, the ultimate relief sought is review of the state court action and custody of plaintiff's child.

A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). The fact that the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486.

////

1    Moreover, claims raised in federal district court need not have been argued in the state
2    judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If
3    federal claims are "inextricably intertwined" with a state court judgment, the federal court may
4    not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court
5    judgment if the federal claim succeeds only to the extent that the state court wrongly decided the
6    issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).
7    In sum, "a state court's application of its rules and procedures is unreviewable by a federal district
8    court. The federal district court only has jurisdiction to hear general challenges to state rules or
9    claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F.
10   Supp. at 1412-13.

11   The allegations in the petition raise improprieties related to custody proceedings and
12   domestic relation orders. Stripped to its essence, this action is one for federal court review of
13   state court proceedings. The court finds the petition amounts to an attempt to litigate in federal
14   court matters that are inextricably intertwined with state court decisions. Accordingly, the court
15   recommends this action be dismissed for lack of subject matter jurisdiction under Rooker-
16   Feldman. Because this court lacks subject matter jurisdiction over the claims alleged, the court
17   declines to recommend that petitioner be granted leave to amend.

18              **1.      Domestic Relations Exception**

19   The domestic relations exception to federal jurisdiction bolsters the conclusion that
20   subject matter jurisdiction in this case is inappropriate. The domestic relations exception "divests
21   the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v.
22   Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity
23   jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes
24   which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson,
25   798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577
26   F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody
27   of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the
28   primary issue concerns child custody issues or the status of parent and child or husband and wife.

See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

In Coats, the plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children. Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and an organization called United Fathers. She specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3). Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction. Like Coats, this case is at core a child custody dispute. See id. at 237.

Thus, whether under the domestic relations exception or the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction over the claims alleged and declines to recommend that petitioner be granted leave to amend.

**III.     Motion to Appoint Counsel**

In addition to filing the complaint, plaintiff also moves for appointment of counsel "investigate [his] situation" and to "look [through his] family law case." (ECF No. 5 at 1.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. This is particularly so because this court does not have jurisdiction over the adjudication of state family law matters.

**IV.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel (ECF No. 5) is denied. Additionally, IT IS HEREBY RECOMMENDED that plaintiff's complaint (ECF No. 1) be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / role2841.scrn.mta.v2

6